CROELL REDI MIX, INC.,
Plaintiff–Appellee,

v.

Mark W. SCHWICKERATH,
Defendant–Appellant.

No. 87–761.

Court of Appeals of Iowa.

March 9, 1988.

a contract for construction of a concrete wall. We affirm the trial court.

Plaintiff–Appellee Croell Redi Mix, Inc., is a concrete supplier. Defendant–Appellant Mark W. Schwickerath was building a home in New Hampton, Iowa. Defendant hired plaintiff to help construct a concrete wall. Plaintiff agreed to construct the wall for $4,368. The wall was constructed in July 1983. Defendant was unhappy with the wall.

In September 1983 plaintiff sued defendant on an open account for $4,368. Defendant filed an answer. Plaintiff filed a motion for summary judgment. Defendant filed a motion for leave to amend his answer. Attached to defendant's motion was a pleading captioned "amended answer". In the body of the amended answer was a counterclaim asking for damages against plaintiff for breach of contract and breach of an implied warranty. No proof of service appears on either the motion or the attached amended answer.

A ruling was entered granting defendant's motion to amend his answer. No amended answer was filed. There is no record of an amended answer having been served on plaintiff.

On April 28, 1987, at 9:56 a.m., defendant filed an application for entry of a default judgment by the clerk of court. In an affidavit signed by Mark Anderson as attorney for defendant it was alleged a counterclaim was filed with the clerk on January 16, 1984. The part of the form directed to service of notice was left blank. The affidavit alleged plaintiff has failed to plead under Rule 85 or 87 and was in default. Anderson verified the affidavit. Both parties seem to be in agreement at this point the clerk of court entered a default or a default judgment. We do not find any record of the clerk entering either a default or a default judgment. On April 28, 1987, at 3:57 p.m., plaintiff resisted the default, moved to set it aside, moved for leave to answer and answered.

The trial court set aside the default. Defendant contends it was error. Because we find no record of a default or default judgment we consider defendant's argu-

Mark B. Anderson, Cresco, for defendant-appellant.

Michael K. Kennedy of Kennedy & Kennedy, New Hampton, for plaintiff-appellee.

Considered by DONIELSON, P.J., and SACKETT, and HABHAB, JJ.

SACKETT, Judge.

This appeal addresses (1) a challenge to the trial court's order setting aside a default judgment, and (2) issues surrounding

ment moot. Additionally, the clerk of court had no jurisdiction to enter a judgment or a default where the only default claimed was an alleged failure to answer a counterclaim.

Defendant sought to obtain a judgment from the clerk under Iowa Rule of Civil Procedure 231 which provides:

> If a party not under legal disability or not a prisoner in a reformatory or penitentiary is in default under R.C.P. 230 "a", the clerk, on demand of the adverse party, must forthwith enter such default of record without any order of court. *All other defaults shall be entered by the court.* (Emphasis supplied).

Rule 230(a) provides:

> A party shall be in default whenever that party: (a) fails to serve, and within a reasonable time thereafter file, a motion or answer as required in R.C.P. 53 or 54, or, has appeared, without thereafter serving any motion or pleading as stated in R.C.P. 87.

Rules 53 and 54 set times for a defendant to file a motion or answer in response to a petition. The time requirements for filing an answer to a counterclaim are found at Iowa Rule of Civil Procedure 84(b). If plaintiff had been in default in answering the counterclaim, only the court could enter the judgment. Iowa R.Civ.P. 230(a).

■ We find it unnecessary to remand to have the trial court rule on defendant's motion for default because there is no showing plaintiff was even in default. Plaintiff was required to reply to a counterclaim in an answer within twenty days after service of the answer. *See* Iowa R.Civ. P. 84(b). Rule 82(g) provides proof of service of all papers required to be served shall be filed in the clerk's office before action is taken thereon by the court. No proof of service of the counterclaim having been filed with the clerk, there is no basis for the court to enter a default thereon. There is absolutely no merit to defendant's claim he should have a default judgment.

■ Defendant next contends the trial court decided the case on unpled issues. Defendant argues the trial court allowed plaintiff to assert an affirmative defense regarding the wall and warranties. We disagree with defendant's characterization of the trial court's ruling as having found plaintiff proved an affirmative defense. The trial court determined defendant poured his own footings and the footings were not level. The court found defendant arranged for the crane to transport the cement from the delivery truck to the wall and found the crane had to be reset twice which caused the delay that resulted in a cold seam which could have been avoided or reduced. The court also found cosmetic defects probably resulted in delay during pouring caused by defendant as well as unlevel footings. The court, however, specifically found plaintiff was responsible for the poor quality of appearance. These findings do not, as the defendant argues, indicate the trial court decided the case on an affirmative defense issue. The trial court's findings are supported by substantial evidence. *See* Iowa R.App.P. 14(f)(1). We find no basis for defendant's argument.

■ Defendant's last contention is the trial court ignored an uncontroverted breach of an express warranty and erred in its application of implied warranty. Defendant counterclaimed for breach of contract and breach of implied warranty. Defendant bore the burden of proof on these issues. Iowa R.App.P. 14(f)(5). There was evidence introduced defendant was responsible for defects in the wall. The court found plaintiff delivered $4,368 worth of goods to defendant, and plaintiff was entitled to recover on the account. The trial court as a factfinder also determined defendant had been damaged in the amount of $600 by plaintiff's workmanship, and was entitled to an offset. There is substantial evidence to support the trial court's findings. Iowa R.App.P. 14(f)(1).

We affirm the trial court.

AFFIRMED.